# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Terrie T. Myers, | ) | C/A No.: 0:12-cv-00422-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Robbie Wood, Marilyn Law, Trent | ) | |
| Elmore, Joan Wood, Janice Dabney, | ) | |
| Nathan Crabdree, Doug Arbour, | ) | |
| Kelly Crook, and Lancaster Hospital | ) | |
| Corporation d/b/a Springs | ) | |
| Memorial Hospital, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The pro se plaintiff, Terrie T. Myers, ("Plaintiff") brings this action against her former employer, Springs Memorial Hospital, and several individuals, Robbie Wood, Marilyn Law, Trent Elmore, Joan Wood, Janice Dabney, Nathan Crabdree, Doug Arbour, and Kelly Crook, who are employees of Springs (collectively "Defendants").[1] Plaintiff asserts against Defendants claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"); as well as a claim for unpaid wages. Defendants have moved for summary judgment, which Plaintiff opposes.

The Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report")[2] and opines that the defendants' motion for summary judgment

---

[1] The court has corrected the names of two defendants, Lancaster Hospital Corporation d/b/a Springs Memorial Hospital and Joan Wood, based on defendants' answers to court-ordered interrogatories under Local Rule 26.01, D.S.C., ECF No. 28.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination

should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

As an initial proposition, the Magistrate Judge points out that the individual defendants are entitled to summary judgment on Plaintiff's Title VII and ADEA claims because neither federal statute provide for individual liability under the circumstances of this case.

Turning to the substantive claims against Springs Memorial Hospital ("Springs"), the Magistrate Judge concludes that Springs is entitled to summary judgment on each of Plaintiff's claims for several reasons. The numerous disciplinary infractions that Plaintiff incurred over her 10 years at Springs are set out in the Report, and this court need not repeat them here. Suffice it to say that Plaintiff's employment record at Springs was poor: Her supervisors cited her for violations of safety rules, for tardiness, and for substandard work. Sarah Stokes, an African-American female older than 40, administered some of the citations while Plaintiff's supervisor. Ultimately, after defendant Robbie Wood received a complaint from a patient about Plaintiff's poor customer service and rudeness, Springs terminated Plaintiff.

In the Report, the Magistrate Judge sets out the correct standard for advancing claims of discrimination in federal court, including the burden-shifting regime established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Turning to the claims themselves, the Magistrate Judge concludes as follows:

I.     **ADEA Claim**

While finding Plaintiff has not established the requisite elements for age discrimination, the Magistrate Judge also indicates that Plaintiff appears to have abandoned this claim.

---

remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

**II.     Title VII Claim**

The Magistrate Judge finds that Plaintiff's claims for race discrimination hinge largely upon statements attributed to defendants Marilyn Law and Trent Elmore.  Plaintiff alleges that Mary Kennington, a co-worker, relayed to Plaintiff that Law had said "colored" girls were going to be fired in the future and that Plaintiff was one of them.  Also, Plaintiff contends that, during a meeting, defendant Elmore asked Plaintiff if she would prefer to be referred to as "colored" or "African American."   On this record, the Magistrate Judge suggests that Plaintiff neither establishes direct evidence of discrimination nor a prima facie case of discrimination as required under *McDonnell Douglas*.

Regarding the statement attributed to defendant Law, the Magistrate Judge suggests that, apart from Plaintiff's own testimony, she has presented no admissible evidence that Law ever made the statement.  The Magistrate Judge is of the opinion that the law does not permit Plaintiff to rely upon hearsay to defeat a properly filed motion for summary judgment.  Additionally, the Magistrate Judge opines that defendant Elmore's question to Plaintiff, even if considered evidence of racial animus, was an isolated remark unrelated to the challenged employment practice.  As the Magistrate Judge points out, stray comments cannot alone constitute evidence of discrimination.

Regarding the *McDonnell Douglas* burden-shifting framework, the Magistrate Judge suggests that Plaintiff is unable to satisfy the second element of the prima facie case.  Plaintiff cannot show that, at the time of the adverse action, she was performing at a level that met Springs' legitimate expectations.  In reaching that conclusion, the Magistrate Judge relies upon the extensive disciplinary record Plaintiff accumulated over her 10 years of work for Springs.  The Magistrate Judge points out that nothing in the record suggests that Stokes, who is African-

3

American, did not genuinely believe that Plaintiff's performance was lacking at the time Stokes counseled Plaintiff.  In addition, nothing in the record indicates that Stokes believed that the criticism of Plaintiff's performance was motivated by Plaintiff's race.  The Magistrate Judge notes that when a decision-maker is of the same protected class as a plaintiff, it suggests that no discriminatory motivation was present.  Finally, Magistrate Judge submits that Plaintiff cannot show that she was disciplined more severely than white employees engaged in similar conduct.

Even assuming Plaintiff could establish a prima facie case of race discrimination, the Magistrate Judge suggests that Plaintiff is unable to show that Springs' proffered reason for Plaintiff's termination was pre-textual.

### III.   FMLA Claim

Although this claim is difficult to discern, it appears that Plaintiff's FMLA claim rests upon the date she returned to work, December 16, 2010, after her FMLA leave.  Apparently, Plaintiff contends that Springs demanded her return before she was capable to work.  The "certification of fitness for duty" submitted by Plaintiff authorized her to return to work on December 15, 2010.  Plaintiff now has come forward with a second note, which apparently indicates that she was excused by her physician until December 19, 2010.  However, as the Magistrate Judge points out, this document was not produced in discovery and, according to Springs, was not produced by Plaintiff during her employment at Springs.  Thus, the Magistrate Judge suggests that Plaintiff cannot show that Springs interfered with her FMLA rights.

### IV.   Wage Claim

Plaintiff contends that she was entitled to unpaid wages for working through lunch breaks.  The business records produced for the Magistrate Judge by Defendants verify that Plaintiff worked through lunch without pay for 10 days, and that Springs tendered her wages

accordingly.  Plaintiff does not dispute that Springs has paid her for the days in question; instead, she argues that the payment is insufficient because she worked at least 90 lunch days without pay.  Plaintiff provides no admissible evidence to support this assertion, however, and the Magistrate Judge is of the opinion that this claim cannot survive summary judgment.

## V.     Plaintiff's Objections to the Report

Plaintiff was advised of her right to file objections to the Report, which was entered on the docket on July 24, 2013.  ECF No. 72.  Plaintiff filed a one-page objection memorandum that consists of nothing more than reassertions of her basic claims.  ECF No. 76.  The objection memorandum does not, in any way, point to any errors in the Magistrate Judge's legal reasoning and analysis.  Plaintiff attaches to her objection memorandum select pages from her memorandum in opposition to the motion for summary judgment filed before the Magistrate Judge.  The court has studied Plaintiff's objections carefully, as well as the attached select pages from the opposition memorandum, and it finds no basis for disturbing the Magistrate Judge's recommended disposition.  Therefore, Plaintiff's objections are overruled.

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.  Accordingly, this court grants Defendants' motion for summary judgment, ECF No. 59.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 9, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge